UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO.  5:21-CR-106-KKC

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.                          **RECOMMENDED DISPOSITION**

CURTIS RICHARD HOWERTON, III,                                          DEFENDANT.

The defendant appeared before the undersigned on July 11, 2024, and August 15, 2024, for hearings on charges of committing multiple violations of supervised release.  He was present and represented by counsel on each occasion.  He expressed his desire to stipulate to violations 1 thru 5 and, as a result, at both hearings was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing.  In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment.

During the hearing on July 11, 2024, Howerton stipulated to committing three violations of supervision (Violations 1, 2, and 3) for possessing and using cocaine and methamphetamine in June, 2024, and failing to report for a urinalysis as directed by his supervising officer, all as detailed in a report dated June 11, 2024.

He was then released pending the final recommendation on the parties' joint motion to continue the case for six months to allow Howerton an opportunity to attend an intensive program of outpatient drug treatment.  However, following his release Howerton went missing, without notifying his supervising officer of his change in residency. Consequently, he was charged (Violation #4) with failing to notify his probation officer at least ten days prior to any change in

his residence, in an addendum report dated July 25, 2024.  His whereabouts remained a mystery until he was arrested in Bell County, Kentucky, where officers found him wandering in the middle of a public roadway, visibly impaired.  He was arrested, taken into state custody and charged in Bell County with Public Intoxication.  Consequently, he was charged in the Second Addendum dated July 30, 2024, with Violation #5 for violating a condition of supervision requiring that he not commit another federal, state, or local crime.    Then, he appeared before the undersigned for a final hearing on August 15, 2024, where he stipulated to violations 4 and 5.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The Court, in determining the sentence to be imposed, shall consider ▯
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> > (2) the need for the sentence imposed ▯
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> > (3) the kinds of sentences available;
> > (4) the kinds of sentences and the sentencing ranges established...
> > (5) any pertinent policy statement...
> > (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> > (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## HISTORY AND CHARACTERISTICS

Curtis Howerton was born on September 12, 1987, and is now 36 years of age.  He was raised by his mother after his parents' divorce, in a stable environment.   He grew up in Bell County, Kentucky where he attended Middlesboro High School before quitting after the 10th grade.  Though never married, he is the father of three children, although he reports no contact with them.  He reports to be in good health, and never suffered from mental health problems.

He began using illegal drugs during his teen years, first using marijuana and then methamphetamine by the age of 18, to which he subsequently became addicted.  Before being imprisoned, he reported engaging in various types of employment, including as a fabricator, working as a carpet installer, in auto repair and as a welder.

On September 6, 2016, he plead guilty in the Western District of Virginia to the crime of Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. 846 and 841(b)(1).  He was sentenced to incarceration for 57 months with three years of supervision to follow.  While incarcerated, he obtained a GED.

He was released from prison on June 15, 2021, and his supervision was transferred to the Eastern District of Kentucky on October 12, 2021.  In November of 2021, a violation report was submitted to the Court indicating that Howerton had violated supervision by using and possessing methamphetamine. He was continued on supervision, and his supervision was scheduled to expire on June 14, 2024, when the present violation conduct began to occur in late May and early June 2024.

## NATURE AND CIRCUMSTANCES

In considering the nature and circumstances of the instant offenses and the Defendant's history and characteristics, the court finds the following particularly relevant.

The defendant has admitted to all charged violations. These occurred near the very end of his supervision and were the first discovered violations since 2021. He has a criminal history category of III, based on prior convictions for unlawful possession of methamphetamine precursor in Bell County in 2007, and Theft by unlawful taking/shoplifting, in 2009. The present offense conduct constitutes a Grade B violation and leads to a Guidelines recommendation that if revoked, he should be incarcerated for 8-14 months, with the maximum authorized period of imprisonment being 24 months.

## III.

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

In fashioning a recommendation in the case, the Court considers the information above, Howerton's addictive behavior, his background and criminal history category of III. In addition, the Court considers Howerton's statements, wherein he expressed his sincere desire to overcome his drug addiction, requesting the Court's assistance with that goal. However, to satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision with a period of imprisonment with supervision to follow should be imposed. The Court finds

4

nothing to justify a below guidelines sentence and, therefore will recommend a low guidelines sentence with a period of incarceration for 8 months, with no supervised release to follow. This recommendation is calculated to recommend an outcome that recognizes the seriousness of the alleged violations and length of time he was on release without incident.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission, and therefore has been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty of Violations 1, 2, 3, 4 and 5, as charged.

(2) That his supervision be revoked.

(3) That he should be sentenced to a period of 8 months incarceration with no supervised release to follow, upon release from incarceration.

(4) That upon a waiver filed into the record **WITHIN FOURTEEN DAYS** evidencing a knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced; and

(5) If the Defendant chooses to exercise his right of allocution before the presiding District Judge, the matter should be scheduled for a final hearing for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within FOURTEEN (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d

737, 74950 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed August 27, 2024.



**Signed By:**

_**Edward B. Atkins**_

**United States Magistrate Judge**